1
2
3
4
5

UNITED STATES DISTRICT COURT

6

EASTERN DISTRICT OF WASHINGTON

7

SANTIAGO A.,

8

Plaintiff,

NO. 1:22-CV-3041-TOR

9

v.

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

10

KILOLO KIJAKAZI, Acting Commissioner Of Social Security,

11

Defendant.

12

13    BEFORE THE COURT are the parties' cross-motions for summary

14  judgment (ECF Nos. 12, 13). These matters were submitted for consideration

15  without oral argument. The Court has reviewed the administrative record and the

16  parties' completed briefing and is fully informed. For the reasons discussed below,

17  Plaintiff's Motion for Summary Judgment (ECF No. 12) is **DENIED,** and

18  Defendant's Motion for Summary Judgment (EFC No. 13) is **GRANTED**.

19                                                  **JURISDICTION**

20    The Court has jurisdiction pursuant to 42 U.S.C. §§ 405(g), 1383(c)(3).

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT ~ 1

# STANDARD OF REVIEW

A district court's review of a final decision of the Commissioner of Social Security is governed by 42 U.S.C. § 405(g). The scope of review under § 405(g) is limited: The Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error." *Hill v. Astrue*, 698 F.3d 1153, 1158–59 (9th Cir. 2012) (citing 42 U.S.C. § 405(g)). "Substantial evidence" means relevant evidence that "a reasonable mind might accept as adequate to support a conclusion." *Id.* at 1159 (quotation and citation omitted). Stated differently, substantial evidence equates to "more than a mere scintilla[,] but less than a preponderance." *Id.* (quotation and citation omitted). In determining whether this standard has been satisfied, a reviewing court must consider the entire record as a whole rather than searching for supporting evidence in isolation. *Id.*

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the Commissioner. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001). If the evidence in the record "is susceptible to more than one rational interpretation, [the court] must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012). Further, a district court "may not reverse an ALJ's decision on account of an error that is harmless." *Id.* An "error is harmless where it is 'inconsequential to the ultimate nondisability determination.'" *Id.* at

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 2

1115 (citation omitted).  The party appealing the ALJ's decision generally bears
the burden of establishing that it was harmed.  *Shinseki v. Sanders*, 556 U.S. 396,
409–10 (2009).

## FIVE STEP SEQUENTIAL EVALUATION PROCESS

A claimant must satisfy two conditions to be considered "disabled" within
the meaning of the Social Security Act.  First, the claimant must be unable "to
engage in any substantial gainful activity by reason of any medically determinable
physical or mental impairment which can be expected to result in death or which
has lasted or can be expected to last for a continuous period of not less than 12
months."  42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  Second, the claimant's
impairment must be "of such severity that [he or she] is not only unable to do [his
or her] previous work[,] but cannot, considering [his or her] age, education, and
work experience, engage in any other kind of substantial gainful work which exists
in the national economy."  42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

The Commissioner has established a five-step sequential analysis to
determine whether a claimant satisfies the above criteria.  *See* 20 §§
404.1520(a)(4)(i)–(v), 416.920(a)(4)(i)–(v).  At step one, the Commissioner
considers the claimant's work activity.  20 C.F.R. §§ 404.1520(a)(4)(i),
416.920(a)(4)(i).  If the claimant is engaged in "substantial gainful activity," the

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT ~ 3

1  Commissioner must find that the claimant is not disabled.  20 C.F.R. §§

2  404.1520(b), 416.920(b).

3  If the claimant is not engaged in substantial gainful activities, the analysis

4  proceeds to step two.  At this step, the Commissioner considers the severity of the

5  claimant's impairment.  20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).  If the

6  claimant suffers from "any impairment or combination of impairments which

7  significantly limits [his or her] physical or mental ability to do basic work

8  activities," the analysis proceeds to step three.  20 C.F.R. §§ 404.1520(c),

9  416.920(c).  If the claimant's impairment does not satisfy this severity threshold,

10  however, the Commissioner must find that the claimant is not disabled.  *Id.*

11  At step three, the Commissioner compares the claimant's impairment to

12  several impairments recognized by the Commissioner to be so severe as to

13  preclude a person from engaging in substantial gainful activity.  20 C.F.R. §§

14  404.1520(a)(4)(iii), 416.920(a)(4)(iii).  If the impairment is as severe or more

15  severe than one of the enumerated impairments, the Commissioner must find the

16  claimant disabled and award benefits.  20 C.F.R. §§ 404.1520(d), 416.920(d).

17  If the severity of the claimant's impairment does meet or exceed the severity

18  of the enumerated impairments, the Commissioner must pause to assess the

19  claimant's "residual functional capacity."  Residual functional capacity ("RFC"),

20  defined generally as the claimant's ability to perform physical and mental work

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT ~ 4

activities on a sustained basis despite his or her limitations (20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1)), is relevant to both the fourth and fifth steps of the analysis.

At step four, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing work that he or she has performed in the past ("past relevant work"). 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If the claimant is capable of performing past relevant work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. §§ 404.1520(f), 416.920(f). If the claimant is incapable of performing such work, the analysis proceeds to step five.

At step five, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing other work in the national economy. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). In making this determination, the Commissioner must also consider vocational factors such as the claimant's age, education and work experience. *Id.* If the claimant is capable of adjusting to other work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. §§ 404.1520(g)(1), 416.920(g)(1). If the claimant is not capable of adjusting to other work, the analysis concludes with a finding that the claimant is disabled and is therefore entitled to benefits. *Id.*

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 5

The claimant bears the burden of proof at steps one through four above.

*Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999).  If the analysis proceeds to

step five, the burden shifts to the Commissioner to establish that (1) the claimant is

capable of performing other work; and (2) such work "exists in significant

numbers in the national economy."  20 C.F.R. §§ 404.1560(c)(2), 416.960(c)(2);

*Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012).

## ALJ'S FINDINGS

The Plaintiff previously filed Title II and Title XVI applications on February

25, 2014.  These claims were denied initially on May 16, 2014.  Because the

Plaintiff did not appeal, these determinations became administratively final.

On August 20, 2018, Plaintiff filed an application for Title II disability

insurance benefits and Title XVI supplemental security income benefits, alleging

an onset date of January 1, 2013.  Tr. 16.  The applications were initially denied

and denied again on reconsideration.  *Id*.  Plaintiff appeared at a telephonic hearing

before an administrative law judge ("ALJ") on February 2, 2021.  *Id*.  The ALJ

denied Plaintiff's claim on February 18, 2021.  Tr. 12.

Although the claimant alleges a disability onset date of January 1, 2013, the

period at issue begins on May 17, 2014, the day after the date of the prior

administratively final determinations.

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT ~ 6

The ALJ found Plaintiff meets the insured status requirements of the Social Security Act through March 31, 2018. Tr. 19. At step one of the sequential evaluation, the ALJ found Plaintiff had not engaged in substantial gainful activity since May 17, 2014, the day after the date of the prior administratively final determinations. *Id*. At step two, the ALJ found Plaintiff had the following severe impairments: left eye blindness, obesity, gout, depressive disorder, borderline personality disorder, anxiety disorder, post-traumatic stress disorder (PTSD), and substance abuse in remission. *Id*. At step three, the ALJ found Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of a listed impairment. Tr. 20. The ALJ then found Plaintiff had a residual functional capacity to perform light work with the following limitations:

> [Plaintiff] is capable of engaging in simple, repetitive, routine tasks in two-hour increments. He will have no contact with the public. He is capable of working in proximity to but not in coordination with co-workers. He will have occasional contact with supervisors. He will occasionally stoop. He will never crouch, crawl, kneel, or climb ramps, stairs, ropes, ladders or scaffolds. He will not work at heights. He will not balance or work in proximity to hazardous conditions. He will not walk across uneven surfaces.

Tr. 22.

At step four, the ALJ found Plaintiff was unable to perform past relevant work. Tr. 29. However, based on the vocational expert's hearing testimony, the ALJ also considered alternative jobs and concluded that, based on Plaintiff's age,

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT ~ 7

education, work experience, and residual functional capacity, there were other jobs that existed in the significant numbers in the national economy that Plaintiff could perform, such as mail clerk, electrical accessories assembler, and office helper.  Tr. 31.  The ALJ concluded Plaintiff was not under a disability, as defined in the Social Security Act, from May 17, 2014 through February 18, 2021, the date of the ALJ's decision.  *Id*.

## ISSUES

1. Whether the ALJ improperly rejected Plaintiff's subjective symptom testimony; and

2. Whether the ALJ improperly evaluated the medical opinion evidence.

## DISCUSSION

### A.    Plaintiff's Symptom testimony

Plaintiff contends the ALJ improperly discredited his subjective symptom testimony.  ECF No. 12 at 5-10.  An ALJ engages in a two-step analysis to determine whether a claimant's subjective symptom testimony can be reasonably accepted as consistent with the objective medical and other evidence in the claimant's record.  Social Security Ruling ("SSR") 16-3p, 2016 WL 1119029, at *2.  "First, the ALJ must determine whether there is 'objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged.'"  *Molina v. Astrue*, 674 F.3d 1104, 1112 (9th Cir.

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 8

2012) (quoting *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009)).  "The claimant is not required to show that her impairment 'could reasonably be expected to cause the severity of the symptom she has alleged; she need only show that it could reasonably have caused some degree of the symptom.'"  *Vasquez*, 572 F.3d at 591 (quoting *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035-36 (9th Cir. 2007)).

Second, "[i]f the claimant meets the first test and there is no evidence of malingering, the ALJ can only reject the claimant's testimony about the severity of the symptoms if [the ALJ] gives 'specific, clear and convincing reasons' for the rejection."  *Ghanim v. Colvin*, 763 F.3d 1154, 1163 (9th Cir. 2014) (citations omitted).  General findings are insufficient; rather, the ALJ must identify what symptom claims are being discounted and what evidence undermines these claims.  *Id.* (quoting *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995)); *Thomas v. Barnhart*, 278 F.3d 947, 958 (9th Cir. 2002) (requiring the ALJ to sufficiently explain why he or she discounted claimant's symptom claims).  "The clear and convincing [evidence] standard is the most demanding required in Social Security cases."  *Garrison v. Colvin*, 759 F.3d 995, 1015 (9th Cir. 2014) (quoting *Moore v. Comm'r of Soc. Sec. Admin.*, 278 F.3d 920, 924 (9th Cir. 2002)).

The ALJ is instructed to "consider all of the evidence in an individual's record," "to determine how symptoms limit ability to perform work-related activities."  SSR 16-3p, 2016 WL 1119029, at *2.  When evaluating the intensity,

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT ~ 9

persistence, and limiting effects of a claimant's symptoms, the following factors

should be considered: (1) daily activities; (2) the location, duration, frequency, and

intensity of pain or other symptoms; (3) factors that precipitate and aggravate the

symptoms; (4) the type, dosage, effectiveness, and side effects of any medication

an individual takes or has taken to alleviate pain or other symptoms; (5) treatment,

other than medication, an individual receives or has received for relief of pain or

other symptoms; (6) any measures other than treatment an individual uses or has

used to relieve pain or other symptoms; and (7) any other factors concerning an

individual's functional limitations and restrictions due to pain or other symptoms.

*Id*. at *7–8; 20 C.F.R. §§ 404.1529(c)(3), 416.929(c)(3).

Here, the ALJ found Plaintiff's impairments could reasonably be expected to

cause the alleged symptoms; however, Plaintiff's statements concerning the

intensity, persistence, and limiting effects of those symptoms were not entirely

consistent with the medical evidence and other evidence in the record. Tr. 23.  In

arriving at this conclusion, the ALJ considered several of the factors listed above.

Plaintiff only challenges that the ALJ improperly considered lack of medical

findings, prior work history, that Plaintiff said he was going to look for work,

difficulty coordinating rides, and his daily activities.  However, Plaintiff does not

challenge a number of other reasons given by the ALJ for discounting Plaintiff's

symptom testimony.

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT ~ 10

1    The ALJ considered that the medical evidence does not support a finding

2    that the Plaintiff is as visually limited as he alleges.  Tr. 23.  The ALJ cited

3    multiple instances of eye examinations with unremarkable findings, many

4    instances where Plaintiff reported no visual problems or changes, and little if any

5    requests for examination or treatment.  *Id*.  The ALJ concluded that Plaintiff's had

6    left eye blindness, but his limitations are not as severe as he described.  *Id*.

7        The ALJ confirmed that the record showed Plaintiff was diagnosed with

8    gout.  Tr. 23-24.  The ALJ found that Plaintiff may have limitations due to gout,

9    most records show the Plaintiff exhibited no signs of acute distress, normal gait

10   and posture, no edema, full range of motion, as well as normal strength and

11   sensation.  *Id*.  The ALJ also reasoned that the record shows few complaints to

12   providers by the Plaintiff of an inability to wear shoes due to swelling, nor does the

13   record show many complaints to providers that he was unable to grip, grasp, or

14   hold objects, contrary to his allegations.  *Id*.

15       The ALJ noted Plaintiff's mental allegations.  Tr. 24.  To address his

16   symptoms, the Plaintiff was treated with psychotropic medication, individual and

17   group counseling, and case management services.  *Id*.  The ALJ found that

18   Plaintiff's mental status examination findings do not corroborate his alleged degree

19   of debilitating mental impairment.  *Id*.  The ALJ found that most treatment records

20   show the claimant was cooperative, oriented, and interactive with appropriate

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT ~ 11

mood and affect, the ability to articulate well, normal speech and language, normal eye contact, and normal thought content. He demonstrated normal ability to perform basic computations and apply basic reasoning. His associations were usually intact. Providers typically observed his appropriate insight and judgment, his ability to recall recent and remote events, his intact fund of knowledge, as well as his normal attention span and ability to concentrate. *Id*. Plaintiff even stated that his medications were "working wonders." *Id*.

The ALJ noted some inconsistencies in the record concerning his ability to work after the violent incident that left him blind in the left eye, that he was going to look for work in Seattle, and that he was unable to seek and attend treatment without transportation, yet he traveled for other things. Tr. 25. A claimant's search for employment while allegedly disabled is a proper basis in discounting a claimant's testimony. *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1227 (9th Cir. 2009). Additionally, the ALJ noted inconsistencies related to Plaintiff's activities which included mowing the lawn, raking leaves, and breaking branches for a couple of hours to keep his mother's yard nice, lifting weights, works for 30 days dumping grapes, working in the woods, moving a wood pallet, working with construction equipment and driving a car. Tr. 25-26.

Plaintiff argues the ALJ failed to provide specific findings with clear and convincing evidence and essentially discounted Plaintiff's symptom testimony by

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 12

finding the objective medical evidence did not support his claims.  The Court

disagrees.  While an ALJ may not discredit a claimant's symptom testimony and

deny benefits solely because the degree of the symptoms alleged is not supported

by objective medical evidence, objective medical evidence is still a relevant factor.

*Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001).  The objective medical

evidence supports the ALJ's findings.  Moreover, the ALJ considered other factors

beyond the objective medical evidence.  Thus, the Court finds the ALJ's

conclusion regarding Plaintiff's subjective symptom testimony was clear,

convincing, and properly supported by substantial evidence.

### B.    Medical Opinion

Plaintiff challenges the ALJ's evaluation of the medical opinions of David

T. Morgan, Ph.D., Tasmyn Bowes, Psy.D., Victoria McDuffee, Ph.D., Wayne C.

Dees, Psy.D., Steven Johansen, Ph.D., and R. Renee Eisenhauer, Ph.D.  ECF No.

12 at 12-20.

Plaintiff argues the ALJ failed to properly consider and weigh the medical

opinion evidence.  ECF No. 16 at 19–20.  As an initial matter, for claims filed on

or after March 27, 2017, new regulations apply that change the framework for how

an ALJ must evaluate medical opinion evidence.  20 C.F.R. §§ 404.1520c,

416.920c; *see also Revisions to Rules Regarding the Evaluation of Medical

Evidence*, 2017 WL 168819, 82 Fed. Reg. 5844-01 (Jan. 18, 2017).  The ALJ

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT ~ 13

applied the new regulations because Plaintiff filed his Title II and XVI claims after March 27, 2017.

Under the new regulations, the ALJ will no longer "give any specific evidentiary weight . . . to any medical opinion(s)." *Revisions to Rules*, 2017 WL 168819, 82 Fed. Reg. 5844-01, 5867–68. Instead, an ALJ must consider and evaluate the persuasiveness of all medical opinions or prior administrative medical findings from medical sources. 20 C.F.R. §§ 404.1520c(a)–(b), 416.920c(a)–(b). The factors for evaluating the persuasiveness of medical opinions and prior administrative medical findings include supportability, consistency, relationship with the claimant, specialization, and "other factors that tend to support or contradict a medical opinion or prior administrative medical finding" including but not limited to "evidence showing a medical source has familiarity with the other evidence in the claim or an understanding of our disability program's policies and evidentiary requirements." 20 C.F.R. §§ 404.1520c(c)(1)–(5), 416.920c(c)(1)–(5).

The ALJ is required to explain how the most important factors, supportability and consistency, were considered. 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2). These factors are explained as follows:

> (1) *Supportability.* The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be.

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 14

(2) *Consistency*.  The more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be.

20 C.F.R. §§ 404.1520c(c)(1)–(2), 416.920c(c)(1)–(2).

The ALJ may, but is not required to, explain how "the other most persuasive factors in paragraphs (c)(3) through (c)(5)" were considered.  20 C.F.R. §§ 404.1520c(b)(2); 416.920c(b)(2).  However, where two or more medical opinions or prior administrative findings "about the same issue are both equally well-supported . . . and consistent with the record . . . but are not exactly the same," the ALJ is required to explain how "the most persuasive factors" were considered.  20 C.F.R. §§ 404.1520c(b)(2) 416.920c(b)(2).

These regulations displace the Ninth Circuit's standard that require an ALJ to provide "specific and legitimate" reasons for rejecting an examining doctor's opinion.  *Woods v. Kijakazi*, 32 F.4th 785, 787 (9th Cir. 2022).  As a result, the ALJ's decision for discrediting any medical opinion "must simply be supported by substantial evidence."  *Id.*

The ALJ found the opinions of several DSHS examiners unpersuasive: David T. Morgan, Ph.D. (January 2020 opinion);  Tasmyn Bowes, Psy.D. (March 2018 opinion); Victoria McDuffee, Ph.D. (January 2014 opinion); Wayne C. Dees, Psy.D. (April 2013 opinion). Tr. 28.  The ALJ reasoned that these examiners reviewed few outside treatment records and had little foundation beyond Plaintiff's

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 15

subjective reports during these one-time examinations.  *Id*.  The ALJ also rejected

their opinions of "marked" limitations and "very significant" limitation because

they did not provide specific rationale to explain their assessments.  *Id*.  Further,

the examiners' opinions were not entirely consistent with their own internal mental

status examination findings.  *Id*.  Specifically, in 2020, Dr. Morgan also observed

that the claimant's appearance, speech, attitude and behavior, thought process and

content, orientation, perception, fund of knowledge, concentration, abstract

thought, and insight and judgment were all within normal limits. Tr. 28-29.  In

2018, Dr. Bowes also observed normal appearance, speech, orientation, thought

process and content, fund of knowledge, abstract thought, and insight and

judgment.  Tr. 29.  In 2014, Dr. McDuffee also observed normal appearance,

speech, attitude and behavior, orientation, perception, fund of knowledge, and

abstract thought.  *Id*.  In 2013, Dr. Dees also observed the claimant's normal

appearance, speech, attitude and behavior, thought process and content, memory,

abstract thought, and insight and judgment.  *Id*.  Additionally, the ALJ explained

that the DSHS examiners opinions were inconsistent with the record as a whole.

*Id*.

    The ALJ also did not find persuasive the DSHS Review of Medical

Evidence forms completed in January 2014 and April 2018 by non-examining

DSHS physicians Steven Johansen, Ph.D. and R. Renee Eisenhauer, Ph.D.  Tr. 29.

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT ~ 16

These forms were based upon the DSHS examiners' cursory reports in support of state disability eligibility for which the ALJ already found to be unpersuasive.

## CONCLUSION

Having reviewed the record and the ALJ's findings, this Court concludes that the ALJ's decision is supported by substantial evidence and free of harmful legal error.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1.  Plaintiffs Motion for Summary Judgment (ECF No. 12) is **DENIED**.

2.  Defendant's Motion for Summary Judgment (ECF No. 13) is **GRANTED**.

The District Court Executive is directed to enter this Order and Judgment accordingly, furnish copies to counsel, and **close** the file.

DATED September 28, 2022.



THOMAS O. RICE
United States District Judge

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 17